SHEPHARD et al., Plaintiffs in Error, v. ST. CHARLES WESTERN PLANK ROAD COMPANY, Defendants in Error.

1. Certain contractors agreed with a plank road company " to do the necessary masonry, grading, gutters and all things else pertaining to the complete graduation and masonry" of a division of the plank road. The company agreed to pay " at the rate of sixteen cents per cubic yard for all *excavation of earth* done on said road under this contract." Unexpectedly to both contracting parties, the contractors, in fulfilling their contract, met with a large amount of indurated earth and cemented gravel, which they excavated. *Held*—it appearing that among engineers and contractors indurated earth and cemented gravel were known and recognized as entirely distinct from common earth, and that it was customary for contractors to receive extra compensation for excavating such materials—that the price to be paid the contractors for the excavation of such materials was not provided in the contract, and that consequently they might recover what the same was reasonably worth.

*Error to St. Louis Circuit Court.*

William Shephard and Thomas Spence contracted with the St. Charles Western Plank Road Company " to do the necessary masonry, grading, gutters and all things else pertaining to the complete graduation and masonry of the *first division* of the St. Charles Western Plank Road." It was further stipulated that the company would pay the contractors " at the rate of sixteen cents per cubic yard for all excavation of earth done on said road under this contract; two dollars and sixty cents per perch of twenty-five cubic feet for masonry laid in approved lime mortar, and two dollars and thirty cents per perch as aforesaid for dry masonry." It was further agreed that all estimates made and certified by the engineer should be " conclusive and final, without the right of either party to appeal therefrom under any pretext whatever." In the " specification" accompanying the contract it was stipulated that " the trees shall be cut down and cleared off in all cases to a width not less than thirty feet on each side of the centre line of the road."

This suit was brought to recover extra compensation for the excavation of indurated earth and cemented gravel, and for grubbing and clearing the roadway of trees, and for a small amount due on contract according to the estimates made. The court, at the request of defendant, instructed the jury as follows : " 1. The contract with the specifications given in evidence in this case requires the plaintiffs to do all the work necessary for the grading of defendant's road, and plaintiffs are not entitled to recover any thing for excavating the indurated or cemented earth or gravel, or for clearing of grubbing the tract of said road, beyond the price stipulated in the contract." The jury found for plaintiffs in the sum of $158.72, an amount due to plaintiffs under contract as interpreted by the court. The character of the testimony introduced sufficiently appears below in the opinion of the supreme court.

*N. D. & G. P. Strong;* for plaintiffs in error.

I. The plaintiffs were entitled to extra compensation for excavating the indurated earth and cemented gravel. The price of this work was not fixed by the contract. The court should have granted a new trial on the ground of newly discovered evidence. (Bubois v. Delaware & Hudson Canal Co. 12 Wend. 334; 15 Wend. 87; 6 Greenl. 479; 2 Wash. C. C. 411.)

*Coalter* and *Lewis*, for defendant in error.

I. The work for which extra compensation is claimed by plaintiffs was embraced within the terms of the contract, and plaintiffs were entitled to nothing beyond the compensation provided therein. (See Boyle v. Agawam Canal Co. 22 Pick. 381.) The engineer's estimates were conclusive. (11 Gratt. 676; 7 M. & W. 313; Russell on Arbitr. 104; 9 Gill. 288; 16 Penn. 469; 27 Engl. L. & Eq. R. 35.) The plaintiffs recovered all they were entitled to. The instructions asked were properly refused. (21 Mo. 404.) The application for a new trial was properly refused. (1 Gra. & Wat. on New Trial, 473; 3 Id. 1046, 1067; 22 Mo. 563; Chitt. on Contr. 541.)

SCOTT, Judge, delivered the opinion of the court.

There is no doubt that by the terms of the contract the plaintiffs were bound to make all the excavations necessary to grade the road, of whatever materials they were composed; and, had they agreed to make the excavations at a certain price, they would have been bound to do it, notwithstanding the material of the excavation was different from what it was supposed and the removal of it was attended with a greatly increased cost. This is the principle of the case of Boyle v. Agawam Canal Co. 22 Pick. 381, relied on by the defendant, and in which we entirely concur. This is a familiar principle and applicable to all contracts of the kind.

But the question in this case is, not what work the contract contemplated was to be performed, but what was the price to be paid for it. It is scarcely necessary to observe

that the terms of a written contract can not be varied or added to by parol evidence. But this principle does not prevent the showing that a contingency has arisen not provided for in the contract. The evidence of the engineer satisfies us of the correctness of the view we take of this contract. He says it was supposed that the excavations would consist of ordinary earth; that among engineers and contractors there was a marked distinction between common earth and indurated or cemented earth and gravel; and that earth excavation would not be held to include cemented gravel; that it was worth more to excavate the latter than the former.

By the contract, sixteen cents for the cubic yard was the price agreed upon for earth excavations. It is clear from the evidence that this was the usual price of excavating ordinary earth, for all the witnesses testify that the excavating of indurated earth or gravel was worth a sum greatly exceeding the cost of excavating ordinary earth. It would thus appear that the defendants did. not make a contract involving any hazard. They did not for a given sum undertake to do the excavation, assuming the risk of the material of which it was composed, for the price fixed was such a one as was usually paid for removing ordinary earth. The contract then only fixed a price for excavating ordinary earth. As it was supposed that there would be nothing but ordinary earth to remove, the contract only provided a price for such excavations, leaving excavations of a more costly material unfixed as to price, as it was not supposed that there would be any such to be made. This view of the subject is fully shown by the evidence of the engineer of the company, who surveyed the road in company with one of the plaintiffs, and who we must suppose disclosed all his knowledge to those who employed him.

Although by the terms of the contract the defendants were bound to make all the excavations necessary for grading the road, of whatever material they were composed, yet it does not follow that the price for removing one kind of material was that agreed upon for every kind. The obvious and

most natural sense of the words " excavation of earth," is the ordinary earth ; for, if it was intended by the word " earth" to include all materials whatever found beneath the surface of the ground, there would have been no necessity for any specification of the material, for the word " excavation," without any other limiting its signification, would have been most appropriate to express the minds of the parties. The expression of one thing is the exclusion of another. As among contractors and engineers the terms " excavation of rock," " excavation of indurated earth or gravel" and " the excavation of earth," meaning ordinary earth, were known, signifying different kinds of work varying greatly in cost, can any thing be plainer than that the use of one of these terms is an exclusion of the other ?   The law appropriates no such signification to the terms " excavation of earth," nor are they technical words whose sense may not be controlled by extrinsic evidence when they are used in connection with any particular trade or business.   So the ordinary and customary sense of the terms of the contract are against the defendants.

If no price was fixed for the excavation of the indurated gravel, then it was not within the contract, and the engineer had no authority to make an estimate of it.   The defendant would be entitled to recover what it was reasonably worth. The engineer allowed extra compensation for excavating a portion of the indurated gravel because he thought it was right.   If it was right to pay for a part, why was it not right to pay for the whole ?   If the estimate of the engineer was conclusive, as was contended for the defendant, we do not see on what ground the plaintiffs did not recover the amount of it, if it was right in part.   From the evidence of the engineer it appears that he was of the opinion that it would be right to pay the plaintiffs an extra compensation for excavating the indurated gravel.

We are of the opinion that the clearing of the road-bed admits of different considerations from those arising out of the excavating the indurated gravel.   The trees standing in

the road were visible and it was known that they must be removed. The specifications forming a part of the contract provided that the trees should be removed, and the excavation of the earth could not be done without first taking them away.

The other judges concur. Reversed and remanded.