Blair v. Corby.

---

WILLIAM BLAIR, Appellant, v. JOHN CORBY, Respondent.

*Contract—Evidence.*—Where a contract for the grading of a railroad stipulated the price to be paid for the excavation and embankment of earth, including all materials except hard-pan, but fixed no prices for other kinds of excavation, upon a suit to recover the value of work done in excavating indurated earth, the plaintiff may show by evidence that the words " earth excavation " did not include indurated earth, for the purpose of showing that the price to be paid for such excavation was not fixed by the contract.

| 37 | 313 |
| 118 | 553 |
| 37 | 313 |
| 179 | 643 |

---

Blair v. Corby.

---

*Appeal from Buchanan Court of Common Pleas.*

*Vories & Vories,* for appellant.

If language is used which has a technical or local or provincial meaning which is not understood by the court, or when words have a particular meaning when used in connection with a particular kind of transaction, the court should admit parol evidence to apply or explain the particular words used. (1 Greenl. Ev. § 280 and notes, and § 292 *et seq.*) And where, also, circumstances and facts arise during the execution of a contract, which were not within the contemplation of either party, then either party, by parol, may show the fact that said circumstances or things were outside of the contract, and in order to do so, may show the particular meaning and effect of the words or phrases used in the contract. (Dubois v. Delaw. & Hud. Canal Co., 12 Wend. 334; Shepard v. St. Charles West. P. R. Co., 28 Mo. 373, and cases cited; Reed v. Hobbs, 2 Scam. 297.)

The defendant pointed out no objection to the evidence, so that the court might see upon what ground the objection was taken, wherefore this court will presume that the court below ought to have admitted the evidence, as it might, for aught that appears, be material, or the plaintiff might have made it material, if the objection had been defined. (Clark v. Conway, 23 Mo. 437; 32 Mo. 311; 33 Mo. 349; 12 Mo. 280.)

Points and authorities for respondent:

I. The items of grubbing and clearing excavation of foundation, wasted and indurated earth, in exhibit "A." of Hunt's deposition, were properly excluded by the court. (Shepard v. St. Charles West. P. R. Co., 28 Mo. 373; Boyle v. Agaw. Canal Co., 22 Pick. 384.)

II. A portion of the excluded evidence is objectionable, as being offered to control and vary a written contract, by parol evidence. (22 Pick. 384; 1 Greenl. Ev. § 275; 2 Sumn. 569.) Another portion of the excluded evidence is objectionable, as being offered to sustain issues that were not

Blair v. Corby.

made in the pleadings; and still another portion of the excluded evidence is objectionable, as being offered to show a modification of the written contract by parol evidence, when the written contract itself provides that no such modification should be made unless the same is reduced to writing.

III. The language of the contract is plain, and its terms cannot be contradicted by any evidence of custom inconsistent with its terms. (3 Kent's Com. 359, n. f., 10th ed.; 2 Sumn. 569.)

IV. There was no such decision of the court in this case as precluded plaintiff from a recovery. The Supreme Court will not therefore interfere. (Layton v. Riney, 33 Mo. 87; 33 Mo. 375-6).

HOLMES, Judge, delivered the opinion of the court.

The petition is based upon a written contract for the building of a portion of the western division of the Hannibal and St. Joseph Railroad, and the plaintiff claims to recover of the defendant a balance of fifteen hundred dollars for what he alleges to be due for extra work done under said contract, but over and above what was therein specially provided for. The plaintiff had contracted to construct and complete the clearing, grubbing, grading and masonry, and to furnish all requisite materials for the completion of the work, according to the specifications annexed, and he was to receive, in full compensation therefor, certain fixed prices for the kinds of work specified, among which were for embankment or for excavation, twenty cents per cubic yard; and in the specifications, excavation was divided into five classes: first, earth excavation, including all materials except "hard-pan," and quicksand, and rock; second, "hard-pan;" third, quicksand; fourth, loose rock; and fifth, solid rock; but no fixed prices were named in the contract for any of these divisions but for "excavation."

It was stipulated in the contract that the determination of the measurements and calculations of the engineer of the

respective quantities and classifications of such excavation, should be final and conclusive. Another provision was, that when rock, or " hard-pan," was placed in embankments, and had been paid for as such, the price of embankment should be deducted therefrom ; that is, it was not to be paid for both as excavation and embankment, but the excess of the price of excavating such material, only, was to be paid for. The plaintiff sought to recover for several items, as extra work, which, it was conceded, were not embraced within the terms of the written contract, and also for the following items, which are the main subjects of dispute in the case, namely : chopping and clearing, at sixteen stations, indurated earth, and excavation of foundations wasted.

The answer denied all the material allegations of the petition, and averred, by way of defence, that the plaintiff had been fully paid the whole amount due him, and that the matters in issue had been adjudicated on a former trial, in another suit.

The contract was read in evidence by the plaintiff in support of his petition, and he offered to prove (among other things) in substance, that it was expressly agreed, in making the contract, that it should only apply to ordinary earth or excavation, and not to indurated earth ; that the terms used in the contract, concerning embankment and excavations, were intended and understood to mean common earth excavation ; that, after it was discovered that there was indurated earth to be excavated, there was an agreement entered into between the parties as to the amount to be paid for excavating such indurated earth, and the terms of the agreement, and the prices of different kinds of excavation ; and that, at the time of making the contract, it was understood by the parties that there was no excavation but that of common earth to be done on that part of the road which was embraced within the contract; that the word "excavation," as used in contracts among railroad men, is understood to mean common earth, and not indurated earth ; that at the time of the contract it was not contemplated by the parties

that there was any indurated earth on that part of the road which was embraced within the contract; and that after indurated earth was discovered within that portion of the road, the defendant paid the plaintiff an extra price for such excavation, and agreed to pay *extra* for such work. All this evidence was excluded. Some depositions were also excluded, but the foregoing is supposed to cover the points to be decided.

These rulings all related to the item of indurated earth. The question of a former adjudication of the same matters does not arise upon this record. The matter to be determined is, whether this evidence was admissible upon this petition, and the contract stated therein. The first inquiry must be as to whether or not the items in dispute were embraced within the terms of the contract. It is plain that the whole excavation, to whichever of the five classes it belonged, was intended to be covered by the contract. It is equally clear that the first class, earth excavations, was intended to include all materials to be removed, except hardpan, quicksand, and rock, loose or solid; and all the five classes of excavations are unquestionably embraced within the contract. And it may be taken as settled, that, for all work done under the contract, the plaintiff must sue upon the contract—can only recover under it, and in accordance with its terms so far as they go, and that he cannot recover for such work, as extra work, wholly independent of the contract. He was bound by his contract to do all the work therein specified, and according to the specifications, and for the prices fixed by the contract, so far as they were fixed. (Shepard v. St. Charles West. P. R., 28 Mo. 373.) The essential question here is, whether the price of indurated earth was fixed by the contract. The contract names a price for embankment or excavation only, and excavation is defined by the specifications to be of five sorts; and the first is earth excavation, which is to include all materials except what are embraced within the other four classes; and the determination of the engineers as to the classification of such excava-

21—VOL. XXXVII.

tion, and the quantity of each class, is to be final and conclusive. It is not said that he shall determine the prices of the respective kinds; but it is sufficiently manifest, on the face of the instrument, that it was not contemplated that the same price should be accepted and paid for solid rock as for common earth excavations. It was said, in the case above cited, that the most obvious and natural sense of the words "earth excavations," was that they meant ordinary earth, and that although excavations in general might include all materials found beneath the surface of the ground, yet that the expression "excavation of earth" would exclude other materials than ordinary earth, such as "indurated earth, or gravel." Here there is an express exclusion of "hard-pan," quicksand and rock. "Hard-pan" seems to be a term well understood among railroad men; it is not an uncommon word among geologists; and it is sufficiently understood in common speech to designate something different either from common earth or rock, not to be included in either of them; and it cannot well mean anything else, in a contract of this kind, than some intermediate kind of hard material, such as compact, indurated or cemented earth, sand, gravel or conglomerate, which could not be dug with a spade or shovel; in short, that "hard-pan" and indurated earth or gravel mean the same thing. Such would seem to have been the conclusion of the Supreme Court of Ohio, in Mansf. & San. R.R. Co. v. Veeder (17 Ohio, 385), after a thorough discussion of the subject, where, as in this case, it was agreed in the contract that the estimate of the engineer, as to the quantity and kind of work, should be conclusive upon the parties, and the engineer had estimated what should properly be called "hard-pan" or common earth. The court held that he had mistaken the true meaning and intent of the contract. The question was of a material so hard as to cost about forty cents per cubic yard, when the contract price for ordinary excavation was nine cents; it was held to be "hard-pan," and the court granted relief against the estimate of the engineer, under the contract, on the ground of mistake.

Whatever doubt there may be as to the meaning of the term on the face of the instrument, there can be no question that extrinsic and parol evidence was admissible to interpret and explain the meaning of the words among railroad men, and as understood by the parties ; and if it were shown that the material in question came within the meaning of the words as used in the contract, by whatever other name it might also be called, it would follow that the price of this kind of excavation was not fixed by the terms of this contract. In a suit upon the contract, the value of this kind of work would remain to be ascertained by evidence tending to show what it was actually worth. (Shepard v. St. Charles West. P. R. Co., 28 Mo. 373.) The work was embraced in the contract, but the price was not fixed. Where the kind of work is not included at all within the terms of the contract, but it is done as extra work altogether, the plaintiff may recover upon a *quantum meruit*. (Dubois v. Del. & Hud. Can. Co., 12 Wend. 334.)

It was insisted on the part of the defendant that the judgment should be affirmed, on the ground that the plaintiff had no occasion to suffer a non-suit, inasmuch as he might have been entitled to recover upon other items of his demand ; but the items in question were a substantial part of what he claimed ; and we do not understand the former decisions of this court as going beyond the case, where the plaintiff may still be entitled in law to recover his whole demand, notwithstanding the rulings of the court against him.

On the case as it stood, we think the evidence offered by the plaintiff was erroneously excluded.

Judgment reversed and cause remanded. Judge Wagner concurs ; Judge Lovelace absent.