Gaunt, Maupin &. Company, Appellants, v. C. H. Pries
& Company, Respondent.

Kansas City Court of Appeals, April 19, 1886.

Contract—Measurement of Lumber—Case Adjudged.—Where suit
was brought for walnut lumber sold to defendant on the following
letter, which was in answer to one from plaintiffs : "We buy at
present one inch walnut lumber. good log run at forty-five dollars,
delivered at our factory, merchantable measurement, but don't like
too much of thicker than one inch, because we can have all table
and bed post we want at thirty-five dollars. If those prices do suit
you, you may ship," and the dispute was as to the *amount* of lum-
ber ; the court directed the jury, that in determining what was
meant by the term "merchantable measurement," among persons
dealing in that kind of lumber. to include in that class not only
those who buy and sell, but, also, those who buy and manufacture,
as well. *Held*, there is no valid objection to this rule ; that the case
does not include in its issues a *custom*, but merely the meaning of
a technical term. Following *Whittemore v. Coats*, 14 Mo. 9 ; 37
Mo. 313.

Appeal from Jackson Circuit Court, Hon. F. M.
Black, Judge.

*Affirmed.*

The instruction referred to in the opinion, as ex-
cepted to, and, therefore, the only one noticed in the opin-
ion, is as follows :

"In determining what is meant by the term mer-
chantable measurement, among persons dealing in the
kind of lumber in question, you will include in that class
of persons not only those who buy and sell, but, also, those
who buy and manufacture the same."

J. B. Hamner, and Burris & Goldsby, for the ap-
pellants.

I.   It was improper to exclude the testimony of wit-

nesses in regard to the price of the different grades of walnut lumber in the market at Kansas City, at the time of the contract and delivery.

II.   In order that a custom may affect the construction of an agreement, it must be shown to be so general that the parties must be presumed to have had knowledge of it, and to have contracted with reference to it.   *Martin v. Hall,* 26 Mo. 386 ; *Freight Co. v. Stanard,* 44 Mo. 71 ; *Sweeney v. Thompson,* 9 Lea (Tenn.) 359 ; *Janney v. Boyd,* 30 Minn. 319 ; *Bush v. Pollock,* 41 Mich. 64 ; *Stevens v. Reeves,* 9 Wend. (N. Y.) 197 ; 2 Greenl. Evid., sect. 250, etc.

III.   The testimony of one witness, as to uniform custom, does not amount to proof of usage of a particular trade, especially when denied by other witnesses.   *Parrott v. Thatcher,* 9 Pick. 426.

IV.   The instructions given by the court did not declare the law properly, and were misleading in their tendency.   All cases cited *supra.*

SCAMMON & STUBENRAUCH, for the respondents.

I.   The letter fixed the price of the lumber, and its acceptance made the contract of the parties.   So the only question was, what was the amount of lumber received at Kansas City, under the terms of this contract ?

II.   The testimony of witnesses as to the price of lumber at Kansas City was properly excluded.   The undisputed terms of the contract fixed this.   Abbott's Trial Evid., sect. 20, p. 307.

III.   The instructions were justified by the evidence and warranted by the law applicable to the case.   The parties had stipulated that the rule of "merchantable measurement" should control.   It was the duty of the court to discover the meaning of that term and apply it to the dispute.   The term was technical, and it was right to receive the evidence of persons, by their business supposed to be conversant with it, to show the meaning it

had technically. *Singleton v. St. L. M. L. Co.*, 66 Mo. 63; *Whittemore v. Coats,* 14 Mo. 9; *Hatch v. Douglass*, 48 Conn. 116; *Thompson v. Sloan*, 23 Wend. (N. Y.) 71. The record shows that none of the instructions given on the day of trial were objected to, and they cannot be attacked now. One instruction, given on the day following the trial, by the court, upon its own motion, was objected to. This instruction was right. To have confined the consideration to the *dealer* alone, or the *user* alone, would have been partial.

IV. All the authorities cited as to *custom* are inapplicable. Custom is *aliunde* the contract controlling it. Not so when a *technical* word is used. *Nelson v. Ins. Co.,* 71 N. Y. 453.

Ellison, J.—This suit was begun before a justice of the peace for walnut lumber sold to defendants on the following letter which was in answer to one from plaintiffs:

" We buy at present, one inch walnut lumber, good log run, at forty-five dollars, delivered at our factory, merchantable measurement, but don't like too much of thicker than one inch, because we can have all table and bed post we want at thirty-five dollars. If those prices do suit you, you may ship."

The verdict was for defendant in the circuit court, and plaintiff brings the case here.

The greater portion of the lumber was paid for and this action is for the balance alleged to be due, the dispute between the parties being as to the amount of lumber delivered under the terms of the purchase. This dispute involves the sufficiency of the evidence in support of the meaning of the terms "merchantable measurement." There was but one instruction excepted to by plaintiff, and this one, of course, is all we can notice here. This instruction directed the jury, in determining what was meant by the term "merchantable measure-

ment," among persons dealing in that kind of lumber, to include in that class of persons not only those who buy and sell, but, also, those who buy and manufacture, as well. I can see no valid objection to this. The one class of persons would know fully as well as the other the meaning attached to the term in dispute.

Plaintiff contends that the evidence is insufficient to prove it was the custom to measure lumber, as contended for by defendant, and their statement of the law with reference to such proof is unquestionably correct. But I am of the opinion this case does not include in its issues a custom, but merely the meaning of a technical term. The question was as to the meaning of the term "merchantable measurement," as applied to walnut lumber. Evidence of witnesses engaged in buying, selling and manufacturing this kind of lumber was introduced to show this meaning. This was proper. Cases of like nature have frequently been before the courts, and the holding is in accord with what I have stated. In *Whittemore v. Coats* (14 Mo. 9), "prime barley" was explained by merchants engaged in buying and selling, as well as by brewers, who might, in this connection, be called manufacturers, and thus this case is an authority for the court including manufacturers in the instruction complained of.

The terms "excavation," "indurated earth," "hardpan," as used in railroad grading, were explained in *Blair v. Corby*, 37 Mo. 313.

The judgment is affirmed. All concur.