SAMUEL CALVERT *v.* HENRY WILLIAMS, JR.

A note in renewal of a former note of the maker *for money won at cards*, given to one who is endorsee of such former note for value and without notice, is not affected by the *gaming* consideration.

(*Palmer* v. *Giles*, 5 Jon. Eq. 75, cited and approved.)

CASE-AGREED, decided by *Watts, J.,* at Fall Term 1869 of WARREN Court.

The claim of the plaintiff was founded upon a note given to him by the defendant, partly in satisfaction of another note, and partly for board. The former note had been made by the defendant to one Christmas, for money won at cards; and it had been endorsed to the plaintiff by Christmas, for value, and without notice of its consideration; and at the time the new note was given, he had no such notice.

His Honor, thinking the plaintiff was not entitled to recover, gave judgment for the defendant; and the plaintiff appealed.

*Rogers & Batchelor,* for the appellant.

The *gaming* consideration does not infect the present note: *Gray* v. *McLean,* 1 Dev. 46, *Greenland* v. *Dyer,* 17 E. C. L. 315, *Cuthbert* v. *Haly* 8 Term Reps. 390, *Turner* v. *Hulme,* 4 Esp. 11, *Boulton* v. *Coglen, cited, Hay* v. *Ayling* 71 E. C. L. 430.

They also cited *Hawker* v. *Hallowell,* 39 Eng. L. & E. 70, *Edwards* v. *Dick* 6 E. C. L. 405, and 6 Alabama, 144.

*Bragg, contra ;* cited *Turner* v. *Peacock* 2 Dev. 303, 1 Sel. L. Cas. 169, and *Warden* v. *Plummer,* 4 Jon. 424.

PEARSON, C. J. A note to secure the payment of money won at cards, is void by statute. Although the note be passed by endorsement, for valuable consideration, and without notice to the endorsee, it is void in his hands. So, i the maker executes a second note to the *original payee,* either in renewal of the first note simply, or including another debt, the second note is void; for it is to secure the paymen

of money won at cards, and the taint in the part of the consideration vitiates the whole—"a rotten egg :" *Palmer* v. *Giles,* 5 Jon. Eq. 75.

In our case the maker executed the second note *to Calvert,* who was the endorsee for valuable consideration, and without notice. This second note was given to secure the price paid by Calvert for the first note, and not to secure the payment of the money which Christmas had won : for the purpose of making it must be referred to the proximate, and not the remote cause. The consideraation, therefore, is not tainted by the illegality which vitiated the first note. His Honor erred in failing to note the distinction.

*Cuthbert* v. *Hayly* 8 Term 390, cited by Mr. Batchelor, establishes this distinction. The more recent case *Hay* v. *Ayling,* 71 E. C. L. 423, treats the point as settled, and is put on the ground that the endorsee had notice, and that the second note was a mere device or contrivance to cover over the taint in the first note.

There is error. Judgment reversed, and Judgment for the plaintiff on the case agreed.

PER CURIAM.                    Judgment reversed, &c.