ANSON CRITCHER *v.* G. F. HOLLOWAY and others.

A bond given in consideration of the loan of money with which to put a substitute into the Confederate army, is upon illegal consideration, and therefore cannot be enforced.

(Reade, J., dissenting.)

(*Smitherman* v. *Sanders, ante,* 522, approved.)

DEBT, tried before *Watts, J.,* at Spring Term 1870, of GRANVILLE Court.

The cause of action was a bond for $1,600, dated February 3d 1863, the consideration of which was the loan of money, to be used, as the plaintiff knew, for the purpose of

putting into the Confederate army a substitute for the defendant Holloway.

His Honor instructed the jury that this formed an illegal consideration, and that the plaintiff, therefore, could not recover.

Verdict for the defendant, &c. Appeal by the plaintiff.

*C. M. Busbee,* for the appellant.

*Rogers & Batchelor, contra,* cited *Martin* v. *McMillan,* 63 N. C. 486 ; *Turner* v. *N. C. R. R. Co., Ib.* 522 ; *Clemmons* v. *Hampton, ante,* 264, and *Leak* v. *Comm'rs, ante,* 132.

DICK, J. Money lent for the purpose of equipping soldiers for the Confederate army, cannot be recovered in the Courts of the rightful government : *Smitherman* v. *Sanders,* at this term. In our case the money was loaned by the plaintiff to the principal obligor, with a full knowledge that it was to be used for the purpose of sending a substitute to the Confederate army. If this object was illegal, then the plaintiff cannot recover.

The Confederate army was sustaining a rebellion against the rightful government, and it must necessarily follow that any act done voluntarily, and with a knowledge that it would have the effect of adding to the strength and efficiency of that army, was illegal. It was insisted in the argument, that the act of putting in one man as a substitute for another, did not add to the efficiency of the army. This may or may not have been so, but the transaction, both as to the principal and substitute, was illegal. If the principal had been conscripted and forced into the army, he would not have been guilty of rebellion ; but if he furnished a substitute, that act would have been voluntary and illegal.

We will not consider further the nice distinctions presented in the ingenious argument of the plaintiff's counsel. The fact

that the money furnished by the plaintiff placed a soldier in the Confederate army, and was lent with a full knowledge that it was to be used for that purpose, vitiated the contract, and defeats the plaintiff's recovery : *Cannon* v. *Bryce*, 3 B. & Ald. 179, and the authorities cited in the brief of the defendants' counsel.

JUSTICE READE dissented.

PER CURIAM.                            Judgment affirmed.