RUSSELL H. KINGSBURY vs. WILLIAM R. SUIT *et al.*

1. A single bill given for money borrowed to pay a debt theretofore contracted, by reason of the loan of money to hire a substitute for the Confederate war-service is not tainted with an illegal consideration.

2. The act of the obligor in having previously borrowed money to pay such substitute, though contrary to public policy, had been completed before he borrowed the money from the plaintiff, therefore the single-bill given for the money last borrowed is a new and independent contract between different parties in no way including the illegal transaction and its subsequent connection with the matter is too remote to affect the obligee.

The cases of *Calvert* v. *Williams*, 64 N. C., 168, *Kingsbury* v. *Gooch*, 528, and *Critcher* v. *Holloway*, 64 N. C. 526, cited and approved.

This was an action of debt upon a single-bill commenced under the old system, and tried at Spring Term 1871, of Granville Superior Court, before His Honor Judge Watts and a jury.

There was evidence tending to show that in 1862, William R. Suit, the principal obligor hired a substitute to go into the Confederate army, and for that purpose borrowed the money necessary from one Reams; and that afterwards he borrowed

the money for which the single-bill sued on was given to pay off Reams, and so informed the plaintiff.

His Honor charged that if the jury were satisfied that the plaintiff was informed at the time of lending the money, that the defendant intended to use it in hiring a substitute to put a soldier in the Confederate army, the plaintiff could not recover.

His Honor was requested to instruct the jury, that if they believed from evidence that the defendant borrowed the money not to hire a substitute but to repay Ream's money, previously borrowed of him, who had loaned the money to put in a substitute, and plaintiff loaned with that knowledge, that then the contract was lawful and the plaintiff was entitled to recover. His Honor refused this prayer, and instructed the jury that it made no difference, if Ream's had lent the money to the defendant to hire a substitute, and afterwards money was borrowed by the defendant of the plaintiff to repay Reams, and the plaintiff knew its use was to hire a substitute.

Under these instructions a verdict was found for the defendants, and from the judgment rendered thereon the plaintiff appealed.

*Hays* for the plaintiff.
*Phillips* & *Merrimon* for the defendants.

DICK, J.  The defendant alleges that the note upon which this action is founded, was given for money borrowed for the purpose of putting a substitute in the Confederate army : and that the illegal pupose was known to the plaintiff when the contract was executed.

The defendant states that he had previously borrowed money from Reams to pay a substitute and had put one in the army, and the money obtained from the plaintiff was used in discharging the Ream's debt.  The act of the defendant which.

was contrary to public policy had been completed before he borrowed money from the plaintiff.

The note sued on is therefore a new and independent contract between different parties, and in no way including the illegal transaction, and its subsequent connection with the matter is too remote to affect the plaintiff.

The note to Reams may have been void, but lending money which the borrower used in paying off a void bond previously executed is not illegal. *Calvert & Williams,* 64 N. C. 168.

It does not appear however that the note to Reams was void, as he may have loaned the money to the defendant without any knowledge of the illegal purpose to which it was to be applied.

In *Kingsbury* v. *Gooch,* and *Critcher* v. *Holloway,* 64 N. C. 526, 528, the money loaned was the proximate and moving cause of the illegal transactions, and in those cases we carried the doctrine of illegality of consideration to its proper extent.

There was error in the ruling of His Honor, and there must be a *venire de novo.* Let this be certified.

Per Curiam.                    Judgment reversed.