RUSSELL H. KINGSBURY *vs.* JOHN FLEMMING *et al.*

1. If money be lent to aid in the accomplishment of an illegal purpose, such illegality is not purged by the borrower failing so to apply the money.

2. Hence where money was borrowed to hire a substitute for the Confederate war service, and the borrower did not hire such substitute, the lender cannot recover on the note given to secure such loan.

The caseses of *Critchen* v. *Holloway*, 64 N. C., 526, and *Kingsbvry* v. *Gooch*, Ib. 528, cited and approved.

JUSTICES READE and DICK dissenting.

This was an action of debt on a single bill, commenced under the old system, and tried at July special Term 1871, of Granville Superior Court, before His Honor, Judge Watts and a jury, upon the pleas of payment, set-off and illegal consideration, but the case turned upon the last plea.

There was evidence tending to show that the defendant Flemming, the principal in the note borrowed the money for which the single bill was given, to hire a substitute to put in his place as a soldier in the Confederate army, and that such purpose was communicated to the plaintiff at the time ; there was also evidence, that for some cause, Flemming abandoned such purpose, or did not effect it, and offered to return the money to plaintiff, which he declined to receive, except some interest.

His Honor instructed the jury that if they believed that the plaintiff was informed by the defendant at the time of making said loan, that the defendant wanted the money to hire a substitute to put into the Confederate army, the contract was void, and the plaintiff could not recover, that in this aspect of the case it was immaterial whether in fact the money was so used or not. Under these instructions, a verdict was found for the

defendants, and for alleged error in the change, after an unsuccessful effort for a *venire de novo,* he appealed.

*No Counsel* for the appellant.
*W. H. Young* and *Phillips & Merrimon* for the appellee :.

The purpose and plaintiff's *scienter* being fixed at the time the contract is made, taints it *then,* and no matter *en pais* occurring after can purge the illegality.

An analogy is presented by the case of usury (it being settled that there is no distinction between a consideration *malum prohibitum,* and one *malum in se, Sharp* v. *Farmer,* 4 D. & B., 122,) for the contract is avoided by the *reservation* of the usurious interest, the penalty was only incurred by its *receipt. Godfrey* v. *Leigh,* 6 Ire. 390, and while a Court of Equity will sometimes assist the borrower, it will not lend its aid to the lender.

RODMAN, J. The cases of *Critcher* v. *Holloway,* 64 N. C., 526, and *Kingsbury* v. *Gooch,* Ib. 328, are binding authorities that one who lends money to another, knowing that his purpose is to hire a substitute for the Confederate army with it, does an illegal act, and a note taken upon such contract is void. This case however differs from those in this respect; here the defendant did not in fact apply the money to the illegal purpose; from some cause he did not put in a substitute, and offered to return the money to the plaintiff, who declined to receive it. .

A majority of the Court think this makes no material distinction. It is true that in several cases the doctrine is stated generally, that where money is loaned for an illegal purpose, and it is actually so used, the contract is void, and the money cannot be recovered. But what is said of the actual use seems to be a mere *obiter dictum,* not necessary for the argument, and not applicable to the case in hand. We know of no case

which holds that an actual illegal use must be proved in defence, and of no dictum directly to that effect. We are unable to see any reason why it should be so. If to lend money with the expectation (for knowledge as to a future event can only mean a strong expectation that it will take place,) that it will be applied to an illegal use, be of itself illegal, and vitiates the loan, which is the principle on which the above cited cases stand ; we cannot see why the accident that it is not so applied should purge the illegality, and make that good which would otherwise be had. If indeed the lender before the time for the accomplishment of the illegal purpose, should himself repent and repudiate the contract, and prevent the illegal act, it might be different. Perhaps in such a case, although he might not be able to recover on the illegal note, he might recover the money loaned on an implied assumpsit. But that is not the case here.

Justices READE and DICK dissented.

PER CURIAM.                                    Judgment affirmed.