UTICA,
July, 1834.
~~~
Dubois
v.
Delaware and
Hudson
Canal Co.

DUBOIS *vs.* THE DELAWARE & HUDSON CANAL COMPANY.

Where a party entered into a contract for the construction of a section of a canal, by the terms whereof he was to receive a given price per cubic yard for *ordinary excavation,* and an increased sum per cubic yard for *excavation of rock,* but no compensation was provided for *excavation of hard-pan,* and in the progress of the work a large quantity of that substance was excavated, a fair remuneration for which exceeded the highest price specified in the contract for any species of work, and. the parties, whilst the section was constructing, treated the excavation of hard-pan as *not embraced in the contract,* and after its completion it was conceded by the canal company, for whom the work was done, that the contract was entitled to compensation for such work beyond the price fixed for ordinary excavation, but the parties did not agree as to the amount, *it was held,* that the contractor was entitled to recover for such work, upon a *quantum meruit,* whatever he could show the work was worth.

Where, by such contract, it was stipulated that an *engineer* to be selected by the canal company, should *estimate the value of any extra work,* caused by an alteration of the line of the canal, and *determine every other question* necessary to the adjustment and final settlement of the contract—his decision to be final and conclusive between the parties, *it was held,* (inasmuch as the claim of the contractor to compensation for the excavation of hard-pan could not be enforced under the contract, and his remedy was only by action founded on a *quantum meruit,*) that the estimate of the engineer of the value of such work was *not conclusive* upon the contractor.

Where one of the items of a plaintiff's *bill of particulars* was in these words : "To 12,000 yards of hard-pan excavation $3600," *it was held,* that the plaintiff was not limited to a compensation of *thirty cents* per cubic yard, but might recover a price beyond that sum, the defendant having come to trial prepared to contest the value of the work, and it thus appearing that he had not been misled.

A report of referees, or a verdict of a jury, will not be set aside because the amount found for a party exceeds the sum specified in a *bill of particulars,* if the evidence upon which the report or verdict is founded was given without objection, and the court see that the party has in fact recovered no more than he is justly entitled unto.

The testimony of witnesses of skill and of superior means of knowledge, in reference to the subject matter of a controversy, is entitled to great consideration ; still a report of referees, or a verdict of a jury in opposition to such testimony, will not be set aside as against the weight of evidence, where the *number* of witnesses upon whose testimony the report or verdict is founded greatly preponderates.

THIS was a motion to set aside a *report* of *referees.* In October, 1826, the parties entered into a written contract, by which the plaintiff undertook to construct a *section* of the

*canal* of the defendants, and the defendants engaged to pay him at the rate of 9 cts. per cubic yard for *excavation*, 40 cts. per cubic yard for *rock*, in ledges or fragments measuring one cubic yard, and 11 cts. per cubic yard for *embankment*. Other prices were specified for other kinds of work, but none other than those above mentioned for excavation. In the contract is contained a stipulation in these words: " And it is mutually agreed that the said works, during their progress, shall be carefully examined and inspected ; and to prevent all disputes, litigation, and misunderstanding, it is agreed that some competent engineer in the employment, and to be selected by the said president, managers and company, shall be the inspector of the said works, and shall estimate the number of cubic yards of excavation, and the number of cubic yards of embankment, and the value of any extra work that may have been caused by an alteration of the line of the canal, and determine every other question necessary for the adjustment and final settlement of this contract, and his estimate and decision shall be final and conclusive between said parties." The plaintiff completed his contract, and the parties disagreeing as to the amount which the plaintiff was entitled to receive for the work done by him, the plaintiff brought his suit, and declared upon the common counts for work, labor and services, and a *quantum meruit*. The cause was put at issue and tried at the circuit, but it being seen that the trial would require the examination of long accounts, it was agreed between the parties that a verdict should be entered for the plaintiff for the *nominal* sum of $1000, subject to a case to be made by the defendants for the purpose of obtaining the opinion of this court on certain questions of law raised at the trial, and decided by the circuit judge ; and if the decision of this court should be in favor of the plaintiff, then that the cause should be referred to three referees named by the parties. A case was accordingly made and brought before this court, and the plaintiff had judgment; that is, the court settled certain principles in reference to the plaintiff's right of recovery. Vide 4 Wendell, 285, *et sequitur.* The case was then heard by the referees, and the principal matter controverted before them was in reference to a claim of the plaintiff for the *excavation* of a quantity of what is called *hard-pan*. One of the witnesses for the

<div style="text-align: right">UTICA,<br>July, 1834.<br><br>Dubois<br>v.<br>Delaware and<br>Hudson<br>Canal Co.</div>

UTICA,
July, 1834.

Dubois
v.
Delaware and
Hudson
Canal Co.

plaintiff estimated the quantity at 10,000 cubic yards, and put the value of excavating it at 75 cts. per cubic yard, and in his estimate of the value he was supported by five other witnesses. On the other hand, *James McEntee*, the *resident engineer* of the defendants, on that part of the canal of which the section worked by the plaintiff is a part, *estimated* the quantity of *hard-pan excavation* at 9000 yards, and allowed an *extra price* of 14 cts. per cubic yard, for such excavation. He stated that *where there was hard-pan* they allowed 14 cts. in addition to 11 cts. for embankment, which made 25 cts. *All the excavation of hard-pan* (he said) was counted as if it was carried more than 100 feet and called embankment, and the 14 cts. added to the 11 cts., the *contract price* for embankment, amounting to 25 cts., made a fair price. *John B. Jervis*, the *principal engineer* of the defendants, also testified that the allowance of 14 cts. *extra*, for hard-pan excavation to the plaintiff, made it higher than any hard-pan done on the whole canal ; that the highest price given or allowed, except in this case, unless where there were specific contracts for hard-pan, was to add 11 cts. for *extra*, on account of hard-pan, which, added to 11 cts. the price of embankment, made 22 cts. In the allowance to the plaintiff, more was given than to any other person, and all that the work was worth. Previous to the trial the plaintiff had furnished the defendants with a *bill of particulars* containing a great variety of items, and among others the following : To 12,000 yards of hard-pan excavation, $3600 ; to other hard-pan excavation $3600 ; to 15,000 days labor on the Delaware and Hudson Canal by self and servants, $15,000 : and with teams and carriages, &c. $5000. In arguing the cause before the referees, the counsel for the defendants insisted, 1. That as the *contract* entered into by the parties contained nothing in the nature of an agreement or stipulation *relative to hard-pan*, it was questionable whether the plaintiff could claim any more for that item than what the defendants had allowed, which appeared to have been voluntarily done, on their part ; 2. That if, according to the terms of the contract, the estimate of the *engineer* of the company was not conclusive as to the price of hard-pan, and other matters not specified in the agreement, yet still it was the best possible evidence, as it was the judgment of an um-

pire designated by both parties : and 3. That at all events, the plaintiff was not entitled to recover more per yard for the excavation of hard-pan than the price affixed in his bill of particulars to that species of work. In the progress of the hearing before the referees, *James McEntee* exhibited an account of the work done by the plaintiff for the defendants, specifying the different kinds of work, the quantities and the prices allowed for the same, amounting in the whole to the sum of $6282,57, which account he testified to be correct and just : and the defendants proved sundry payments made to the plaintiff, amounting to the sum of $6300. The referees, however, made a report in favor of the plaintiff for $5336, 91, founded, it seems, from the papers exhibited on this motion, upon the following data :

UTICA,
July, 1834.

Dubois
v.
Delaware and
Hudson
Canal Co.

| | | |
|---|---|---|
| Amount due plaintiffs according to McEntee's account, - - - - - | $6282 | 41 |
| Additional allowance on 9000 yards hard-pan at 50 cents per yard, - - - | 4500 | 00 |
| Locks, 6, 10, 11, - - - - | 675 | 00 |
| Stone thrown into the Rosindale to support wall, ditch and bridge over it, cutting away Rosindale bridge and abutment of bridge over canal, - - - - - | 179 | 50 |
| | 11,636 | 91 |
| Deduct payments, | 6,300 | 00 |
| | $5,336 | 91 |

It is only necessary to add, in explanation of the opinion of the court, that there was some evidence on the part of the defendants that a portion of the work for which the plaintiff claimed compensation, had been done by him, in *partnership* with one Failing, and that the motion to set aside the report was asked for as well on the alleged ground of newly discovered evidence as on the merits.

*T. McKissock & J. Sudam*, for defendants, insisted upon the several points raised before the referees, and now contended

UTICA,
July, 1834.

Dubois
v.
Delaware and
Hudson
Canal Co,

in addition, that if the plaintiff was entitled to recover an extra compensation for the excavation of hard-pan, the report of the referees was against the weight of evidence.

*H. M. Romeyn & S. Sherwood,* for the plaintiff.

*By the Court,* SUTHERLAND, J.   The principal matter in dispute in this case, is the extra allowance made to the plaintiff by the referees for *hard-pan excavation.*   That item alone amounts to $4,500.   The whole balance reported in favor of the plaintiff being but $5,336,91.

The referees adopted the estimate of the defendant's witness, James McEntee, the resident engineer, who superintended the contruction of this part of the canal, as to the *quantum* of hard-pan excavation.   He estimated it at 9000 cubic yards, and considered it worth 25 cents per yard—that is, 14 cents per yard beyond common excavation, where the earth is carried more than 100 feet, which is called embankment.   The price of embankment, as settled by the written contract between the parties, was to be 11 cents, and all the witnesses agree that that is a fair price for it.   The referees allowed the plaintiff 50 cents per yard for the hard-pan excavation—precisely double the amount of the estimate of the engineer.   The defendants contend, *first,* that by the written contract between the parties, the decision of the engineer, as to all the extra work and the allowance for it was made *conclusive ;* and *secondly,* if it was not, that the report on this branch of the case is decidedly against the weight of evidence.

The contract makes no specific provision for hard-pan excavation.   It fixes the price of common excavation at 9 cents per cubic yard, and of embankment at 11 cents ; for rock in ledge or fragment 40 cents, and for slope wall 30 cents.   All the evidence in the case shows that *hard-pan was considered extra work, and that it was not understood by the parties as embraced in the term excavation or embankment.*   The company have uniformly made an extra allowance for it, of from 18 to 25 cents, as appears from the testimony of their surveyors and engineers, in this case.   The provision of the contract which makes the decision of some competent engineer employed by

UTICA,
July, 1834.

Dubois
v.
Delaware and
Hudson
Canal Co.

the defendants final and conclusive in all matters in dispute between the parties, relates, I apprehended, exclusively to matters embraced *within the contract.* It is as follows: "It is agreed that some competent engineer, in the employment and to be selected by the said company, shall be the inspector of said work, and shall estimate the number of cubic yards of excavation, and the number of cubic yards of embankment, and *the value of any extra work that may have been caused by an alteration of the line of the canal,* and determine every other question necessary for the adjustment and final settlement of this contract; and his estimate and decision shall be final and conclusive between said parties." *The extra work,* the value of which is to be definitively settled by the arbitrator, is extra work caused by an alteration of the line of the canal, and the other questions are such as may be necessary for the adjustment and final settlement *of the contract.* The enumeration of one species of extra work is, upon well settled principles, an exclusion of all others; and claims for which the plaintiff never could have any remedy upon the contract (but only for services rendered upon a *quantum meruit,*) cannot be considered as presenting questions involving its final settlement and adjustment. Considered as a submission to arbitration, or an agreement to submit, this provision of the contract cannot, I think, be so construed as to embrace the plaintiff's claim for hardpan excavation. He is therefore entitled to recover upon a *quantum meruit,* whatever he can show it to be worth.

*Secondly.* Is the report upon this point against the weight of evidence? On the part of the plaintiff, John Bulger, Charles Burr, William Robinson, Isaac L. Hasbrouck, Joseph Chambers and Rice Cook, testified substantially, that a man could not excavate more than one cubic yard per day of this hardpan, and that it was worth 75 cents per yard. Bulger, Robinson and Hasbrouck, have all worked upon this canal, and at this species of excavation, and appear to have had the means of forming a correct judgment upon the matter. Burr, Chambers and Cook, appear to have had no practical knowledge upon the subject; but formed their opinions from observing the progress made in this species of digging. On

UTICA,
July, 1834.

Dubois
v.
Delaware and
Hudson
Canal Co.

the other hand, we have the testimony of James McEntee, the resident engineer, who states that the allowance for hard-pan ranged from 18 to 25 cents; that 25 cents was the highest price paid, and was a fair compensation. He was confirmed by John B. Jervis, also an engineer on this canal, that 25 cents was the highest price ever allowed, and that many contracts had been performed at less than that, without complaint. Mr. Jervis, however, did not say that he considered 25 cents the full value of hard-pan excavation, but only that it was more than was allowed to and other contractor on the line of the canal. Mr. M'Entee's testimony was probably entitled to more weight than that of any other witness. It was his official duty to make himself acquainted with the value of every species of labor necessary to the construction of the canal. Great reliance was probably placed upon his estimates and judgment by the company. But giving to him every advantage in these respects over the other witnesses, it is impossible to say, as the evidence appears upon paper, that the report of the referees, so far as it depends upon the testimony to which I have adverted, is against the weight of evidence. They appear to have adopted the medium price between that fixed by the plaintiff's and that by the defendants' witnesses. The one estimated the hard-pan excavation at 75 the other at 25 cents per yard. The referees allowed 50 cents.

But the defendants contend that the plaintiff's recovery for hard-pan excavation must be limited to 30 cents per yard, he having charged it at that price in his bill of particulars. It is thus stated in his bill:

To 12,000 yards of hard-pan excavation,    -    $3,600
To other hard-pan,    -    -    -    -    -    3,600

It will be perceived that the aggregate claim for hard-pan exceeds considerably the amount allowed by the referees, and that as to the last charge, neither the number of yards nor price per yard is stated; and in relation to the first charge, it is matter of inference only. It would be giving a more strict and rigid construction to a bill of particulars than has been usual in this court, to hold the party restricted to the *minimum* price under such circumstances. The defendants evi-

dently were not misled in this case. They came to the hearing prepared to contest the value of this service. It was the principal matter in dispute between the parties—not the *quantum*, but the *price* of the hard-pan excavation. No objection was made by the defendants to the plaintiff's evidence upon this point. All the witnesses testified that it was worth 75 cents per yard, and the defendants, instead of raising the objection that the plaintiff was limited to 30 cents by his bill of particulars, treated it as an open question, and produced other witnesses to show its real value. It is true that the counsel for the defendants, after the testimony was all given in, suggested to the referees that the plaintiff could not recover more for the hard-pan excavation than the price stated in his bill of particulars ; but the objection at that time and in that form was entitled to less weight than though it had been specifically made to the admission of the evidence itself. But 1 am inclined to think that it could not have been made with effect in this case, even in that form. In *Bell* v. *Puller,* 2 Taunt. 285, the plaintiff, by his bill of particulars, claimed a balance of £1600, but the jury found a verdict in his favor for rising £3000, for which he entered up judgment. The court, upon a motion subsequently made, refused to reduce the judgment to the sum claimed by the particulars—remarking, that although the plaintiff had recovered beyond his bill, he had obtained no more than in the judgment of the court he was entitled to, and that no injustice was occasioned by the excess. Where the bill is specific in relation to the items or the price, evidence going beyond it is not admissible, if objected to in due season ; but if the evidence is given without objection, and the court see that the plaintiff has in fact recovered no more than he was justly entitled to, they will not reduce the amount or grant a new trial on that account. This is the spirit of all the cases. 5 Wendell, 48. 1 Bos. & Pull. 49. 4 Esp. 7, 147. id. 452. 2 Taunt. 224. 1 Campb. 68. 5 Taunt. 228. 1 Com. Law R. 88, S. C. Graham's Pr. 436, and cases there collected.

The plaintiff was entitled to recover for the lock gates. The question of partnership was disposed of by the verdict at

UTICA,
July, 1834.

Dubois
v.
Delaware and
Hudson
Canal Co.

the circuit. But if it had not been, the evidence failed to establish the fact.

There is nothing in the newly discovered evidence to warrant a new trial.

Motion to set aside report of referees denied.