Graham *vs.* Maguire *et al.*

---

WILLIAM GRAHAM, plaintiff in error, *vs.* JOHN MAGUIRE *et al.*, defendants in error.

The endorsement of a note given for a slave, if the endorsement is for a valuable consideration other than a slave or the hire thereof, is not within that clause of the Constitution of 1868, of this State, denying jurisdiction to the Courts thereof to enforce a debt, the consideration of which is a slave, or the hire thereof.

Motion to set aside judgment. Slave note. Decided by Judge HARRELL. Terrill Superior Court. November Term, 1868.

John B. Crim held a note on John Maguire, made in 1860, and due in 1863, and in 1862 transferred it to Graham, endorsing it as follows:  " I endorse the within note for value rec'd."  Graham sued the maker and endorser on said note, and obtained a judgment against both in 1866.

In 1868, counsel for Maguire and Crim moved to vacate said judgment, upon the ground that the consideration of said note was certain slaves sold by Crim to Maguire. It was shown that Maguire gave Crim the note in part payment for certain slaves, and that Crim being afterwards indebted to Graham, transferred said note to him, endorsing it as aforesaid. Crim's indebtedness to Graham was not for slaves, or their hire.

The Court set aside the judgment. Counsel for Graham say the Court erred in entertaining said motion at all, in vacating the judgment, and especially in vacating it as to Crim.

C. B. WOOTEN, D. A. VASON and A. HOOD, for plaintiff in error.

F. M. HARPER, W. A. HAWKINS, for defendants.

McCay, J.

This was a judgment against Maguire, as principal, and Crim, as endorser, obtained before a Court, in this State, in 1866, on a promissory note given by Maguire to Crim for a negro, and by Crim endorsed for some other valuable consideration to Graham. The records of the original proceeding were in the custody of the Superior Court of Terrill county, as organized under the Constitution of 1868, and were there by virtue of that clause of that Constitution which authorizes it to complete and enforce the judgments of the Courts sitting in this State before that time, in all cases (and in none other) in which, by the Constitution of 1868, the Superior Court has jurisdiction of the causes of action on which the suit or judgment is founded. Art. XI, sec. 6.

Article VI, section 1, provides that no Court of this State shall try, or give judgment, or *enforce* any debt, the consideration of which was a slave. Under this clause the defendants in the judgment moved to set it aside, or for an order that it shall not be enforced.

It is replied, that as to Crim this is not a judgment founded on a contract or debt, the consideration of which is a slave, and we think rightly—Crim is sued on his endorsement; the consideration of *that* is the valuable consideration passing from Graham to Crim, which, it is admitted, was not a slave, but something else.

No point was made in the argument as to the right of the Court to enforce this judgment against Maguire. It was admitted that as to him the debt was for the consideration of a slave. At any rate, this point is covered by the case of *Shorter vs. Cobb*, decided at this term, to which we refer for the reasons.

Let the judgment be reversed as to Crim; as to him the Court has jurisdiction to enforce the judgment, and it may issue or use any proper process for that purpose.

Warner, J. concurred, but furnished no opinion.

BROWN, C. J., concurred as follows :

The payee of a promissory note given for a slave, who, for a valuable consideration, which was in no way connected with the slave, endorsed and delivered the note to the plaintiff, is liable. The endorsement is a new contract, and the Court has jurisdiction to enforce the judgment against him on that contract.