MITCHELL WILLIS *vs.* SUMNER FRENCH, and another.

Franklin.    Opinion August 13, 1892.

*Indorsement.    Town Order.    Action.    Limitations.*

The payee of a negotiable promise in writing, who transfers the same by indorsement, thereby guarantees both the genuineness of the writing and the validity of the promise.

If the writing be forged, or the promise void, as *ultra vires*, the indorsee may elect to repudiate the contract of indorsement and sue for the consideration paid, or treat it as valid, so far as the indorser is concerned, and hold him according to its tenor.

If such indorsee repudiates the contract, and sues to recover the money paid for it, his cause of action ordinarily accrues at the time he paid his money, and becomes barred after a lapse of six years; but, if he stands by his contract and elects to hold the indorser to his warranty and to payment according to the terms of the indorsement, then his cause of action accrues when the indorsed promise falls due.

A town order, calling for the payment of money agreeable to a vote of the town specifically mentioned, with interest annually, falls due at the time specified in such vote of the town, the same as if such vote had been recited in the order itself.

ON EXCEPTIONS.

In this action of assumpsit against indorsers of town orders, the writ was dated May 31, 1886.   The defendants, among other defenses, pleaded the statute of limitations.

April 25, A. D., 1870, the town of Kingfield passed the following vote :

" Voted.   That the town loan to Sumner French and Charles W. French, proprietors of the saw and shingle mill privileges,

the sum of two thousand dollars ten years without interest, in orders or bonds to be issued by the selectmen payable to S. & C. W. French, or order, in ten years from date, with interest annually, upon conditions and with the understanding that said S. & C. W. French obligate themselves to rebuild their proportion of the dam, abutments, headworks and canal, erect and complete a saw mill including a shingle mill on their privileges at said village in and within eight months from the first day of June next; and that said S. & C. W. French shall make, execute and deliver their promissory notes for the said sum of two thousand dollars to the inhabitants of the town and a mortgage deed of their said privileges, mills and interest in dam, abutments and headworks for the security of payment, such notes to be paid at the expiration of said ten years. Orders or bonds for one fourth part of said sum to be issued to them on the first day of June next, one fourth part when said dam and abutment and headworks are completed, and the remainder when their said mill shall be erected and boarded."

Under this vote, two town orders for five hundred dollars each, dated June 1, 1870, payable to the order of S. & C. W. French, were issued by the selectmen of Kingfield, accepted by the town treasurer, and delivered to the payees. Subsequently the payees, the defendants in this action, indorsed and delivered both orders, for value, to the plaintiff. The annual interest on the orders was paid by the town to the plaintiff until June 1, 1875, when the town defaulted and thereafterward refused to pay interest. After June 1, 1880, the plaintiff demanded payment of the principal from the town treasurer and payment was refused.

The defendants fulfilled all the conditions imposed upon them by vote of the town and executed and delivered to the town the notes and mortgage referred to in the vote above set forth. At the commencement of this action no part of the notes, principal or interest, had been paid by the defendants. The mortgage and notes were then held, and continued to be held by the town unpaid, undischarged and without action of any kind. The presiding justice, in his charge, instructed the jury that the

plaintiff's cause of action accrued at the date of the first failure of the town to pay the annual interest. The plaintiff seasonably requested an instruction that the cause of action accrued at the maturity of the orders, June 1, 1880, and that no right of action for the principal accrued until that date. Both of these requests were refused. The verdict was for the defendants and the plaintiff took exceptions.

Besides the common money counts, the plaintiff declared specially as follows :

" Also, for that whereas the inhabitants of Kingfield by Solomon Stanley, 2d, and Alonzo Knapp, selectmen of said Kingfield, duly authorized by a vote of the town for that purpose, on the first day of June, 1870, at Kingfield in said county of Franklin, made their order in writing and thereby then and there ordered the treasurer of the town of Kingfield to 'pay to S. & C. W. French, or order, five hundred dollars, it being for money loaned agreeable to a vote of the town passed April 25, A. D., 1870, and interest annually,' said vote being to loan said money for the term of ten years, which said order was thereafterwards on the same day duly presented to the treasurer of the said town of Kingfield and accepted ; and thereupon on the day first aforesaid, in consideration that the plaintiff at the request of the defendants would accept and receive of the said S. & C. W. French the said order, the defendants by their indorsement thereon, there guaranteed the payment of the said sum of money and promised the plaintiff to pay him the same according to the tenor and effect of the said order, if the said inhabitants of Kingfield should not so pay the same. And the plaintiff avers that thereupon he, confiding in the said undertaking of the defendants, then and there accepted and received of the said S. &. C. W. French the order aforesaid ; and that although the day of payment in the said order specified has elapsed, the said inhabitants of Kingfield did not nor would on that day, or any other time, pay to the plaintiff the amount of the said order and interest or any part thereof but refused so to do ; whereof the defendants on the day last aforesaid had notice."

The town orders and indorsements were in the following form :

"$500.00.                                    Selectmen's Office,
                                          -    June 1, 1870.
  "Pay to S. & C. W. French or order five hundred dollars and
.   .   .   cents, it being for money loaned agreeable to a vote of
the town passed April 25, A. D., 1870, and interest annually.
                                       Solomon Stanley, 2d,
  "To the Treasurer.                   Alonzo Knapp,
     No. 250.                          Selectmen of Kingfield."
                              (Indorsements.)
  "Accepted June 1, 1870.
  ·   C. W. Gilbert, Treasurer. .  S. & C. W. French.
  "June 14, 1872.   Received on the within order two years'
     interest, $61.80.
  "August 6, 1873.   Received one year's interest on the within
     order.
  "June 27, 1874.   Received one year's interest."

*H. M. Heath* and *J. C. Holman*, for plaintiff.

Under *Allen* v. *Jay*, 60 Maine, 126, the obligation to pay
interest could not be collected by taxation.   There being no
fund for its payment other than taxation, it follows that the
promise to pay interest accruing before the maturity of the
orders was *ultra vires*.

When the town, June 1, 1875, declined to pay the annual
interest then apparently due, it was under no legal or equitable
obligation to pay.   We contend that there was a valid obliga-
tion against the town to pay the principal June 1, 1880, so far
as by due diligence it could realize a fund therefor from the
mortgage notes by it held and due June 1, 1880.

As contracts to pay so much money, as might be received from
the mortgage notes, the orders were clearly enforceable ; by suit
at law, if the notes were paid, to recover the amount actually
paid, or, if not paid, by equitable trustee process to reach the
notes or by bill in equity to enforce specific performance of the
town's contract to collect the mortgage notes for the benefit of
the holders of the orders.

If the orders have the force contended and are good as prom-
ises to pay out of a particular fund to the extent of the amount

realized by due diligence from the fund, the liability of the defendants as indorsers is clear and well settled.

Statute would not begin to run until the liability of the indorser is fixed. *Hunt* v. *Taylor*, 108 Mass. 508; *Bank* v. *Fearing*, 16 Pick. 534.

If absolutely void, the defendants may be held as parties without demand and notice. *Furgerson* v. *Staples*, 82 Maine, 163; Daniel Neg. Ins. § § 669, 675, 1113; Parsons' Notes & Bills, 444; *Burrill* v. *Smith*, 7 Pick. 291; *Edwards* v. *Dick*, 4 Barn. & Ald. 212; *Bowyer* v. *Bampton*, 2 Str. 1155; *Knights* v. *Putnam*, 3 Pick. 184; *Copp* v. *McDougall*, 9 Mass. 5.

Estoppel: Defendants' contract by note to furnish a fund to meet the orders at maturity being a part of the orders and distinctly referred to therein is by necessary implication also a part of their contract of indorsement.

*J. H. Thompson*, for defendant.

Action barred. R. S., c. 81, § 82, cl. IV; *Sturgis* v. *Preston*, 134 Mass. 372.

The indorsement of the orders in suit was a contract of guaranty by the defendants that the orders were legally issued and constituted a valid contract against the town of Kingfield.

This contract of guaranty was broken at the time it was entered into, and at once a right of action accrued to the plaintiff against these defendants.

This right of action was barred by the statutes of limitations in six years after said right of action accrued, or in six years after the indorsement. *Blethen* v. *Lovering*, 58 Maine, 438; *Perkins* v. *Whelan*, 116 Mass. 542.

The illegal character of these orders was well known to the plaintiff for more than six years prior to the commencement of his action. At least the refusal of the town to pay the interest on these orders was a notice to him of their illegal character.

Upon the face of these orders no time of payment is named, therefore by force of law they become payable upon demand. *Young* v. *Weston*, 39 Maine, 492; Daniel on Neg. Ins. 3d ed. Vol. I, § 88; *Porter* v. *Porter*, 51 Maine, 376. The following:

phrase used in the orders,—"it being for money loaned agreeable to a vote .of. the town passed April 25, A. D., 1870,"—does not constitute the vote of the town a part of the .orders, and thereby control the time of payment.   *Pease* v. *Cornish,* 19 Maine, 191.

HASKELL, J.   The payee of a negotiable promise in writing, who transfers the same by indorsement, either before or after maturity, whether it be strictly commercial paper or *quasi* such, that is, negotiable in form but lacking some elements of such paper, as town orders, always subject to equitable defenses whosoever the holder may be, thereby guarantees both the genuineness of the writing and the validity of. the promise.   If the writing be forged, or the promise be void, as *ultra vires,* the indorsee may elect to repudiate the contract of indorsement and sue for the consideration paid, or treat it as valid so far as the indorser is concerned, for he is estopped from denying its validity, and hold him according to its tenor.   *Furgerson* v. *Staples,* 82 Maine, 159.

If the indorsee repudiates the contract and sues to recover the money that he paid for it, his cause of action ordinarily accrues at the time he paid his money, and becomes barred after the lapse of six years.   *Blethen* v. *Lovering,* 58 Maine, 437 ; but, if he stands by his contract and elects to hold his indorser to his warranty, to payment according to the terms of the indorsement, then, of course, his cause of action accrues when the indorsed promise falls due.

In this case, the defendants, as payees, transferred by indorsement to the plaintiff, for value, two town orders, more than six years prior to the date of his writ ; so that, his action is barred, unless the orders are held to have been given on ten years' time.

The orders bear date June 1, 1870, and were directed to the town treasurer, requesting him :   "Pay to S. & C. W. French or order five hundred dollars, it being for money loaned, agreeable to a vote of the town passed April 25, 1870, and interest annually."   They were signed by the selectmen and accepted by the treasurer of the town on the day of their date.   A plain

construction of these orders is a request to the town treasurer to pay agreeable to a vote of the town, they having been given for money loaned. The vote became a part of these orders, and, if they were given according to its provisions, its terms, as to payment, fixed the time when the orders should fall due. The vote authorized a loan of two thousand dollars to the defendants for ten years, without interest, in town orders payable to their order, at the expiration of that time, with interest annually, upon condition that they should rebuild their mill, &c., and mortgage it to the town to secure their notes to the town for two thousand dollars, payable in ten years, without interest. The defendant complied with all the conditions to entitle them to the orders in suit.

In short, the town gave its notes to the defendants on ten years with interest annually, in exchange for their notes of the same amount, on the same time, without interest; or, in other words, promised to give them interest upon two thousand dollars for ten years, as an inducement to continue their manufacturing business in the town.

The plaintiff bought these orders from the defendants in good faith, for valuable consideration. They have had the plaintiff's money, and the use of it for ten years until the orders were supposed to fall due, and why should they not be held to repay the same? Certainly, as between the plaintiff and the defendants, there are no equities to shield the latter from payment. They had the money and should account for it to some one; and, if they pay it to the plaintiff, they cannot be held to pay it again upon their notes to the town. Because the town may not be held by law to give the defendants interest upon two thousand dollars for ten years, it is hard to require the plaintiff to give them both principal and interest.

Suppose the vote of the town had been printed upon the backs of these orders, as customary in many cases, would it be contended that the terms of the votes did not fix the time when the orders should become payable? The liability of these defendants is the same as though the orders were valid obligations of the town. Their indorsement of them guarantees their validity.

The orders refer to the vote in specific terms as controlling the transaction. They recite the date of its passage, making its identity certain.

The court considers that a fair construction of the orders, controlled by the terms of the vote of the town, makes them payable at the expiration of ten years, and not before. That all parties so considered the contract is clearly shown by their acts. Town orders are not strictly commercial paper; but, when negotiable, may be transferred as if they were. They are ordinarily drawn and negotiated by plain men, and should be given a sensible construction. By apt punctuation these orders read: Pay five hundred dollars, it being for money loaned, agreeable to a vote of the town passed April 25, 1870; or, to put it more plainly: Pay five hundred dollars agreeable to a vote of the town, it being for money loaned.

The action is not barred by the statute of limitations.

*Exceptions sustained.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and WHITEHOUSE, JJ., concurred.