## WACHOVIA BANK AND TRUST COMPANY v. J. W. CRAFTON.

### (Filed 25 May, 1921.)

**Negotiable Instruments—Endorsement—Independent .Contracts—Gaming —Holder in Due Course—Statutes.**

> The endorsement on a promissory note, negotiable under our statutes, is a new and independent contract, whereby the endorser for value and in due course, among other things, guarantees under C. S., 3047, that he was a holder in due course at the time of the endorsement, and that the obligation is valid and subsisting; and the endorsee may maintain his action thereon against the endorser independently of whether the note was originally given for a gambling debt made void by C. S., 2142.

APPEAL by plaintiff from *Long, J.,* at December Term, 1920, of BUNCOMBE.

The action is brought by an endorsee and holder in due course of a promissory note given by one J. M. Carver to J. W. Crafton, defendant, for money won by the defendant in a game of cards and endorsed by the defendant, the payee of the note, in due course and for value to plaintiff bank. There was denial of liability, the defendant, the endorser, alleging that the note in question was for an amount won in a gambling transaction.

The jury rendered the following verdict:

"1. Did the defendant Crafton endorse the note declared on for $700, 18 February, 1919, due 8 April, 1919, as alleged in the complaint, and before its maturity? Answer: 'Yes.'

"2. Did the plaintiff discount and pay $690 for the note to W. E. Shuford, in regular course, without notice that it was for a gambling debt, and before maturity, as alleged by plaintiff? Answer: 'Yes.'

"3. Was the note executed by J. M. Carver for a gambling debt to J. W. Crafton? Answer: 'Yes.' "

On the verdict there was judgment that defendant go without day, and plaintiff bank excepted and appealed.

*Bourne, Parker & Jones for plaintiff.*
*Marcus Erwin for defendant.*

HOKE, J.   Our statutes applicable to the note in question, C. S., 2142, renders this and all notes and contracts in like case void, and it is urged in support of his Honor's ruling that, this being true, no action thereon can be sustained.   The position as stated is undoubtedly the law in this jurisdiction, and is in accord with well considered authorities elsewhere. *Glenn v. Farmers Bank,* 70 N. C., 191; *Calvert v. Williams,* 64 N. C., 168; *Sabine v. Paine,* 223 N. Y., 401, reported also in 5 A. L. R., 1444. This principle, however, is allowed to prevail only where the action is on the note to enforce its obligations, and does not affect or extend to suits by an innocent endorsee for value, and holder in due course, against the endorser on his contract of endorsement.   It is very generally held, uniformly as far as examined, that this contract of endorsement is a substantive contract, separable and independent of the instrument on which it appears, and where it has been made without qualification and for value it guarantees to a holder in due course among other things that the instrument, at the time of the endorsement, is a valid and subsisting obligation.   It is so expressly provided in our statutes on negotiable instruments, C. S., ch. 58, sec. 3047, and the statute, in this respect as in so many of its other features, is but a codification of the general principles of this branch of the mercantile law as established in the better considered decisions on the subject.   *Hunnum v. Richardson,* 48 Vt., 508; *Aymar v. Sheldon,* 12 Wendell, 339; *Sinker, Davis & Co. v. Fletcher et al.,* 6 Ind., 277; 4 A. & E. (2 ed.), p. 477; Norton on Bills and Notes, p. 217; 1 Calvert Daniel on Negotiable instruments, sec. 669.   In 4 A. & E., *supra,* it is stated: "That no principle is more fully settled or better understood in commercial law than that the obligation of the indorser is a new and independent contract."   And in Norton on Bills and Notes it is said that "every indorser who indorses without qualification warrants to his indorsee and to all subsequent holders," among other things, "that the bill or note is a valid and subsisting obligation."   In applying these principles, the cases hold that on breach of the contract of indorsement a recovery by a holder in due course will be sustained against the indorser though the instrument is rendered void by the statute law.   *Irvin v. Marquiett,* 26 Ind. App., 383; *Morford v. Davis,* 28 N. Y., 481; *Horowitz v. Wollowitz,* 110 N. Y. Supp., 972; *Moffett v. Bickle,* 62 Va., 280; *Graham v. Maguire,* 39 Ga., 531; *Edwards v. Dick,* 6 Eng. C. L., 405; 1 Valvert Daniel on Negotiable Instruments, sec. 373.   In *Irvin v. Marquiett, supra,* in denying recovery on the note the Court said: "It is the law that in a suit by a *bona fide* holder against an indorser the latter cannot defend on the ground that the original contract was based on a gaming consideration, for the reason that the indorsement is a separate and independent contract, and the indorser by his indorsement warrants the

validity of the original contract," citing many authorities. In the citation to Calvert, Daniels on Negotiable Instruments, sec. 673, the author says: "The indorser engages that the bill or note is a valid and subsisting obligation, binding all prior parties according to their ostensible relations; and he may be held liable, although the instrument be entirely null and void as between prior parties themselves; and also as between prior parties and even *bona fide* holders without notice," and quotes from an English case which C. J. Lee, in denying recovery on the note void for gaming said: "The plaintiff is not without remedy for he may sue the indorser on his indorsement." The law which renders these contracts void was enacted for the suppression of gambling, but it would tend rather to encourage the vice if a successful gambler could procure the value of such a note on his indorsement and protect himself from the obligation so incurred by pleading his own wrongdoing. On both reason and authority, therefore, the defendant should be held liable for breach of his own contract of indorsement, and under the facts established by the verdict, there should be judgment for plaintiff.

Reversed.