# FARMERS' & MERCHANTS' SAV. BANK v. HUDSON et al.

No. 3976.   Decided August 20, 1923.   (218 Pac. 93.)

1. JUDGMENT—ATTACK ON DEFAULT JUDGMENT IN ANOTHER ACTION, MORE THAN 14 MONTHS AFTER ENTRY, HELD UNTIMELY; "PROCEDURAL MATTER." In an action to set aside an alleged fraudulent conveyance of land, and subject it to execution under a default judgment entered more than 14 months previously against defendant in another action, the validity of such default judgment *held* not subject to attack, merely because entered by the judge rather than the clerk; same being a procedural matter, which under Comp. Laws 1917, § 6619, should have been corrected within 6 months, particularly where defendant in his pleadings has admitted his default in the first action and the entry of the default judgment against him.

2. STIPULATIONS—STIPULATION ON APPEAL FOR A REVERSAL OF JUDGMENT HELD NOT TO INURE TO BENEFIT OF DEFAULTING CODEFENDANT. Where, on appeal by defendant from a judgment against him, a stipulation was entered that the Supreme Court might render judgment in accordance with another case recently decided, setting aside the judgment appealed from, which was done, *held*, that such stipulation and reversal in no way inured to the benefit of a codefendant who, after due service, had permitted a default judgment to be entered against him.

3. BILLS AND NOTES—INDORSEMENT IMPLIES VALUABLE CONSIDERATION. Under Comp. Laws 1917, § 4100, indorsement of a note of itself implies a valuable consideration.

4. BILLS AND NOTES—INDORSER OF NOTE GIVEN TO CORPORATION, UNAUTHORIZED TO DO BUSINESS IN STATE, HELD UNABLE TO AVOID LIABILITY AS COULD THE MAKER. The statute rendering unenforceable against the maker a note given to a corporation in a transaction with it before it had complied with laws relating to the doing of business, does not prevent recovery by a holder in due course against an indorser, since, under Comp. Laws 1917, § 4100, an indorser warrants the validity of the instrument, and, in view of sections 4223, 6511, the contract of an indorser is separate and distinct from that of a maker.

Appeal from District Court, First District, Cache County; *M. C. Harris*, Judge.

Action by the Farmers' & Merchants' Savings Bank against Glen J. Hudson and others. From judgment for defendants, plaintiff appeals.

JUDGMENT VACATED, and cause remanded with directions.

*A. E. Bowen,* of Salt Lake City, and *E. T. Young,* of Logan, for appellant.

*Willey & Willey* and *L. E. Nelson,* all of Salt Lake City, and *J. C. Walters,* of Logan, for respondents.

THURMAN, J.

The complaint alleges that on March 10, 1920, plaintiff recovered judgment against the defendant Glen J. Hudson and one H. C. Parker, in the district court of Cache county, Utah, for the sum of $1,336.66 and costs (to avoid confusion, this case, when necessary, will be hereinafter referred to as the Cache County Case); that said H. C. Parker appealed therefrom, which appeal is now pending, but that the judgment against Hudson is a valid judgment, and has not been paid in whole or in part; that thereafter, in February, 1921, an execution was issued out of said court in said action in favor of plaintiff against defendant Hudson, and directed to the sheriff of said county for service, but was returned by him unsatisfied, because no property belonging to said defendant could be found.

It is then alleged in the complaint, on information and belief, that in April following the rendition of said judgment said defendant Hudson was the owner of certain shares of stock in the Murdock Candy Company, a corporation, and caused the same to be exchanged for certain land conveyed to the defendant Florence Hudson; that Florence Hudson is the wife of defendant Glen J. Hudson, and said conveyance was made to her for the use and benefit of defendant Glen J. Hudson, and in trust for him, notwithstanding the deed purports to be an absolute conveyance to said Florence Hudson; that said Florence Hudson holds the legal title only to

said land, and has no equitable interest therein; that said conveyance was made without consideration passing from said Florence Hudson, and was made with the intent to hinder, delay, and defraud the creditors of said Glen J. Hudson, including the plaintiff, and she accepted the same with knowledge of said fraudulent intent.    Plaintiff prays for equitable relief.

Each of the defendants first filed a general demurrer to the complaint after which they filed their separate answers. As pertaining to the questions involved on this appeal, the answers are substantially similar.    For that reason we will only state the substance of the material parts of the answer of defendant Glen J. Hudson, who will hereinafter be referred to as the defendant.

The answer makes many denials and affirmations which, in view of the findings, are not in issue here, as the appeal is taken on the judgment roll alone.    In addition to these allegations, the defendant, by way of answer and counterclaim, affirmatively alleges that said H. C. Parker, mentioned in the complaint, in October, 1918, made the promissory note in question, payable to himself, and sold, assigned, and indorsed the same to the Utah National Underwriters' Corporation, a corporation of Arizona, and the said corporation received said note from said Parker as the consideration of a sale to him at Salt Lake City, Utah, of certain shares of stock of the said corporation; that at the time of the sale and delivery of said stock the principal place of business of said corporation was in said Salt Lake City, and all its officers and managers were residents of Utah; that during all of said times it was doing business in the state of Utah at said principal place of business, and as a part of its business activities in said state it was engaged in an extensive campaign for the sale of its capital stock; that, notwithstanding it was a foreign corporation, it at no time complied with the laws of the state of Utah relating to foreign corporations, and failed, before doing said business and entering into said contract with Parker, and thereafter continued to fail and neglect, to file with any officer of this state a copy of its articles of in-

corporation or its by-laws, or any amendment thereof; that at no time has said corporation, by the resolution of its board of directors or otherwise, accepted the provisions of the Utah Constitution or empowered any person within the state as its agent upon whom process issued by authority of or under the laws of the state could or might be served.

The defendant then alleges that the plaintiff acquired said note from the said Arizona corporation, and that defendant, at the request of plaintiff, indorsed the same, but did so without any consideration whatever, which plaintiff well knew.

It is also alleged in the answer and counterclaim that when the note, became due plaintiff commenced suit against defendant and said Parker; that defendant failed to appear in said case and made default therein; that judgment was entered in favor of plaintiff and against said defendant and Parker, as prayed for in the complaint; that Parker in due time appealed from said judgment to the Supreme Court of the state; that at the time of said appeal there was pending in said Supreme Court an appeal by the First National Bank of Price against the said H. C. Parker and Utah National Underwriters' Corporation, in which case the question at issue was the validity of certain promissory notes executed by Parker, payable to himself, and indorsed by him, and delivered to the said corporation, defendant in said cause, which said notes were sold and delivered by said corporation to said First National Bank of Price, plaintiff in said action; that in said cause the defendant Parker pleaded that the notes were invalid because they were given by him to said National Underwriters' Corporation in payment for certain shares of its corporate stock, and that at the time of the purchase of said stock said corporation was a foreign corporation and had not complied with the laws of the state of Utah applicable to foreign corporations, in respect to filing its articles of corporation and by-laws or accepting the provisions of the state Constitution, nor had it authorized or empowered any person within the state as its agent upon whom process might be served.

It is then alleged by the defendant that said case of the

First National Bank of Price against Parker and the
National Underwriters' Corporation was decided by said
Supreme Court in favor of said Parker, declaring said notes
invalid for the reason that said corporation had not com-
plied with the Constitution and laws of the state in respect
to the matters above mentioned.

Finally, the defendant alleges that after said decision of
the Supreme Court the plaintiff in the Cache County Cáse
entered into a stipulation in said Supreme Court with said
Parker, confessing that the judgment. of the said district
court in said cause was founded upon a promissory note sub-
ject to the same·infirmities as were the notes in the case of
the *First National Bank of Price* v. *Parker et al.*, aforesaid,
and further stipulated that said Supreme Court might enter
judgment in the said Cache County Case in accordance with
the decision in the Price Bank Case; that thereupon judg-
ment was entered in said Supreme Court reversing the judg-
ment in favor of the plaintiff and against said Parker in the
Cache County Case and as to said Parker the judgment of
the district court of said county was vacated and set aside.
It is further alleged that said judgment is the only subsisting
judgment in favor of plaintiff and against the defendant.

As countercomplainant, defendant prays for equitable re-
lief.

Plaintiff in reply denies the allegations of the counterclaim,
and asks for judgment as prayed for in its complaint.

The court to whom the case was tried found in favor of the
defendants Glen J. Hudson and Florence Hudson solely upon
the doctrine of *stare decisis,* holding that the case comes with-
in the principle enunciated in the Price Bank Case, to wit,
*First National Bank of Price* v. *Parker et al.,* 57 Utah, 290,
194 Pac. 661, 12 A. L. R. 1373, and was covered by the stip-
ulation entered into in the Supreme Court in the Cache
County Case, upon which case-defendants rely.  This is the
principal question to be determined on this appeal.  Before
entering upon its consideration, however, it becomes neces-
sary to determine another question argued in the briefs.  We
consider the question of minor importance, and only refer
to it here out of deference to the opinion of counsel for

respondent, who seem to consider it of vital significance. The trial court in finding No. 3 finds:

"That the clerk of the district court of Cache county never at any time entered a clerk's default or judgment against Glen J. Hudson in the cause referred to in paragraph 2 of the complaint herein."

This finding, in view of the answer and counterclaim of the defendant herein, might, with perfect judicial propriety, have been entirely omitted. Defendant, in both his original answer and counterclaim, and the amendment thereto admits that, after he made his default in said action, "and after certain proceedings in said cause, judgment was given and entered therein in favor of the plaintiff and against H. C. Parker and this cross-complainant for the principal sum of $1,336.66 and costs," etc. In the face of this admission it is difficult to see why the above finding was made by the court. But, be this as it may, judgment was entered in said court March 10, 1920. An appeal was taken therefrom by the defendant Parker, of which defendant Hudson had notice served upon him. This appeal was presumably taken within six months from the entry of the judgment. Defendant's answer and counterclaim in this case, in which he makes the admission that a judgment was entered against him, was sworn to by him May 5, 1921, nearly fourteen months after the judgment was entered. At no time during said period was a motion made by defendant, or other step taken, to vacate or set aside said judgment on account of surprise or excusable neglect on his part, or irregularity on the part of the court or its officers. Surely defendant should not be heard in this proceeding to complain of the judgment or seek to set it aside on purely technical grounds. Especially should this be so after unqualifiedly admitting in his answer that a judgment was made and entered against him. It is true that in his original answer, after admitting that a judgment was entered, he denies that it was a valid subsisting judgment, but it is plain from the context of the denial that he bases his charge as to the invalidity of the judgment solely upon the decision of this court in the Price Bank Case, to which reference has hereinbefore been made. In view of the length of

time which elapsed without effort on the part of defendant to vacate or set aside the judgment, together with his admission that the judgment had been made and entered, we are not disposed to view with favor the present attempt to vacate and annul the judgment merely because it may have been entered by the judge instead of by the clerk. In our opinion it was at most a mere irregularity, subject only to correction in a proper proceeding during the term in which the judgment was rendered, or within six months thereafter as the statute provides. Comp. Laws Utah 1917, § 6619. We prefer to base our conclusion upon this ground, in view of the record before us, rather than upon the numerous authorities cited by appellant sustaining the power of the court to enter judgment in cases of this kind.

The remaining questions to be considered are: (1) Is the case at bar within the principle of the Price Bank Case, upon which defendant relies? (2) If so, is defendant in a position to avail himself of the benefit of the rule announced in said case? These questions will be considered in the inverse order above stated.

The question at once arises upon what theory consistent with logic in judicial procedure can defendant avail himself of the benefit of the stipulation entered into between plaintiff and Parker in this court in the Cache County Case? Defendant, although duly served with summons in the district court in said case, permitted judgment to be taken against him by default. Judgment was also entered against Parker in the same case, but Parker appealed. In this court plaintiff and Parker entered into a stipulation to the effect that the decision in the Price Bank Case, which had recently been rendered, was controlling, and that judgment in the Cache County Case should be entered accordingly. The Price Bank Case was decided by this court in favor of Parker, and under the stipulation judgment was also entered in his favor in the Cache County Case, and the district court of that county was directed to vacate and set aside the judgment in that court in favor of plaintiff, which was accordingly done. Defendant was in no manner included in the stipulation between plaintiff and Parker in the Cache County

Case, nor was there any suggestion whatever that the judgment of the district court against defendant would be controlled or determined by the decision in the Price Bank Case. The district court had jurisdiction of the subject-matter and of the person in the judgment against defendant. It is true he was jointly sued with the defendant Parker, but he might have been sued alone. The note sued upon was a joint and several note, and the statute expressly provides in such cases that all, or any, of the parties may be included in the same action. Comp. Laws Utah 1917, § 6511. The judgment obtained was also a joint and several judgment from which all or any of the parties might take an appeal. The judgment of the Supreme Court in favor of Parker in the Cache County Case, under the aforesaid stipulation, after reciting the effect of the stipulation, contains the following language:

"And sufficient reason appearing therefor it is ordered, adjudged and decreed that the findings of fact, conclusions of law, and judgment entered against the defendant H. C. Parker, be, and the same are hereby, vacated and set aside, and the district court of Cache county is directed to enter its findings of fact and conclusions of law and judgment, finding and adjudging that the plaintiff herein take nothing by its complaint against the defendant H. C. Parker, and that said defendant have and recover of plaintiff his costs incurred in said action."

The wildest imagination can hardly conceive of any logical connection between the defendant and Parker in the Supreme Court proceeding, wherein judgment was rendered in favor of Parker in the Cache County Case. Just why        2 the stipulation between Parker and the plaintiff in that case in this court should be pleaded and relied on by defendant in the case at bar is incomprehensible to the mind of the court. If defendant is entitled to claim any benefit or immunity under the rule declared in the Price Bank Case, his right in that regard is neither added to or diminished by reason of the aforesaid stipulation and judgment entered thereon.

This brings us to the principal question, Does the Cache County Case come within the principle announced in the Price Bank Case, and is the case at bar controlled thereby? In *First National Bank of Price* v. *Parker et al.*, supra,

herein referred to as the Price Bank Case, the defendant Parker executed the notes in question payable to himself, indorsed them in blank and delivered them to his codefendant, the Utah National Underwriters' Corporation. Parker and the said corporation were the same persons who were defendants in the Cache County Case, and reference is made to the Price Bank Case for many details which need not be repeated in this opinion. The corporation was a foreign corporation, which had not complied with the Constitution and laws of Utah to authorize it to engage in business in this state, and was chargeable with all the infirmities in that regard, alleged in the counterclaim of defendant in the instant case. The notes executed by defendant in the Price Bank Case were renewal notes, given to the corporation in exchange for notes in which the corporation was named as the payee. The original notes were given in payment for stock in the corporation, which the corporation had assumed to sell in this state without having complied with its Constitution and laws. These notes were indorsed by the corporation and sold to the plaintiff bank before maturity. So far the case is almost an exact parallel with the Cache County Case, as far as the defendant Parker is concerned. The trial court found in favor of Parker on the defense made that the corporation was not authorized to do business within the state. The bank appealed to this court, and the judgment was affirmed. As already appears, after the decision of that case by this court plaintiff and Parker entered into a stipulation in the Cache County Case, as alleged in the counterclaim herein, in· pursuance of which judgment in favor of Parker in the last-mentioned case was entered in this court, and the court below directed to vacate and set aside its judgment in favor of the plaintiff. The judgment of this court in the Price Bank Case would undoubtedly have been controlling as to the defendant Parker, even if there had been no stipulation, for the cases to that extent are practically on all fours.

But it is contended by appellant in the instant case that defendant Hudson stands in an entirely different relation to the case from that of the defendant Parker, for the following reasons:  (1) That defendant Hudson indorsed the note

and delivered it to the plaintiff, as found by the court, and therefore plaintiff derived its title directly from Hudson and not from the corporation; (2) that the contract of the maker of a note is distinct and separate from that of an indorser, in fact is an independent contract entirely; (3) that as an indorser he warranted the validity of the note. The additional point is made that, as found by the court, the plaintiff had no notice that the Utah National Underwriters' Corporation was a foreign corporation or that it had not complied with the Constitution and laws of the state relating to foreign corporations. In fact, the corporation did not indorse the note at all.

It is alleged by defendant in his counterclaim that he indorsed the note at plaintiff's request, but did so without consideration. The indorsement itself implies a valuable consideration. Comp. Laws Utah 1917, § 4053.

The proposition that the plaintiff derived its title to the note from Hudson, and not from the corporation is borne out by the fact that the corporation did not indorse the note, and the further fact that Hudson indorsed it and delivered it to the plaintiff.

Appellant's contention that the contract of the maker of a note and that of an indorser is entirely separate and distinct is amply sustained by the authorities cited.

In 8 C. J., at page 853, it is said:

"A joint action against the maker and the indorser cannot be maintained *in the absence of a statute*, the obligation of each being several, and the liability of each being dependent on substantially different conditions." (Italics supplied.)

Our statute (section 6511, supra) provides that the parties may be sued jointly or severally.

In support of the text quoted from C. J., see, also, cases cited in the note. To the same effect the authority cited, at page 375 of the same volume, says:

"The indorsement of a bill or a note is a new and independent contract, and hence an indorser is not released by the invalidity of the instrument; there being an implied warranty as to its validity."

Again, at page 397, the same author says:

"The Negotiable Instruments Law expressly includes among the warranties, where the transfer is by indorsement without qualification a warranty 'that the instrument is at the time of his indorsement valid and subsisting.' "

In *Wachovia Bank & Trust Co.* v. *Crafton*, a North Carolina Case (181 N. C. 404, 107 S. E. 316), as reported in 16 A. L. R. at page 1375, the court says:

"A statute rendering void notes given for gambling debts does prevent a holder in due course for value from holding the indorser liable on his contract of indorsement."

In the note to that case, on page 1377, same volume, the annotator says:

"The indorser of a negotiable 'instrument cannot escape liability on his indorsement to a subsequent indorsee, by reason of the fact that the instrument is invalid."

Numerous cases are cited showing clearly the distinction between the liability of the maker and the indorser. The former may defend against an invalid instrument while the indorser may not.

Our statute, Comp. Laws 1917, § 4100, among other things, expressly declares:

"Every indorser who indorses without qualification warrants to all subsequent holders in due course: * * * 2. That the instrument is at the time of his indorsement valid and subsisting."

In addition to the foregoing cases, appellant cites *Hawkins* v. *Shields*, 100 Miss. 739, 57 South. 4, 4 A. L. R. 760; 3 R. C. L. 366; *Ellis, etc.,* v. *Ohio,* 4 Ohio St. 628, 64 Am. Dec. 610; *Willis* v. *French,* 84 Me. 593, 24 Atl. 1010, 30 Am. St. Rep. 416; *Turnbull* v. *Bowyer,* 40 N. Y. 456, 100 Am. Dec. 523; *Birmingham Nat. Bank* v. *Bradley,* 103 Ala. 109, 15 South. 440, 49 Am. St. Rep. 17.

If it be contended that Parker himself indorsed the note and was therefore liable as an indorser, it is a sufficient answer to say he was not an indorser at all in the sense that he could be rendered liable as such. Having made the note payable to himself, it was not complete until he indorsed it. Section 4223, Comp. Laws, above referred to reads:

"Where a note is drawn to the maker's own order, it is not complete until indorsed by him."

In other words, it did not become a promissory note until he indorsed it. The note in question was drawn to the maker's order.

The court is of opinion that enough has been said to clearly demonstrate that the Cache County Case, as far as the defendant Hudson is concerned, does not come within the rule declared in the Price Bank Case, and is therefore, not controlled thereby. The Price Bank Case is a thoroughly well-considered case, and the court reaffirms the doctrine therein announced, notwithstanding the hardship that may result from a rigid application of the doctrine. The court had no discretion. The decision was rendered in compliance with the demands of a positive statute quoted in the opinion. To extend the doctrine to a case of this kind, in our opinion, would be going further than is contemplated by the statute, and that the court is not inclined to do.

For the foregoing reasons, the judgment in favor of defendants is vacated and set aside, and the cause remanded with directions to the trial court to enter conclusions and judgment for the plaintiff on the findings of fact made by the court, at defendants' costs.

WEBER, C. J., and GIDEON, and CHERRY, JJ., concur.

FRICK, J., did not participate.