JOHN W. MOORE v. ISRAEL SCHWARTZ.

(Filed 2 May, 1928.)

**Gambling—Action Will Not Lie Against Maker of Check Given for Gambling Debt.**

An action will not lie to recover against the maker upon a note given for a gambling debt.

CIVIL ACTION before *Harding, J.,* at December Term, 1927, of MECKLENBURG.

The defendant was indebted to the plaintiff for $183.00 and plaintiff brought suit in a magistrate's court against the defendant to recover that

sum. At the trial the defendant admitted the indebtedness to the plaintiff but set up as a counterclaim a check for $170.00, payable to "cash." The plaintiff denied the legality of the counterclaim and offered evidence tending to show that the check for $170.00 was given by him to one Familant to pay losses incurred in a poker game. Familant had endorsed the check to the defendant. There was no evidence contradicting the evidence of the plaintiff that the check sought to be used as a counterclaim by the defendant was given for the purpose of paying a gambling loss. Whereupon the judge instructed the jury to answer in the affirmative the issue relating to whether or not the check was a wagering contract. From judgment for plaintiff for the amount of his account and denying recovery on the counterclaim the defendant appealed.

*Thomas W. Alexander for plaintiff.*
*J. D. McCall for defendant.*

PER CURIAM. Gaming contracts are covered by C. S., 2142. Such contracts are void and cannot be enforced in a court of justice. *Orvis v. Holt,* 173 N. C., 231; *Bank v. Crafton,* 181 N. C., 404.

Under certain circumstances the holder of a check or a note given to pay a gambling debt may recover against the endorser. *Bank v. Craflon, supra.* This is not such a case as the endorser is not sued.

No error.