The defendant was indebted to the plaintiff for $183.00 and plaintiff brought suit in a magistrate's court against the defendant to recover that *Page 550 
sum. At the trial the defendant admitted the indebtedness to the plaintiff but set up as a counterclaim a check for $170.00, payable to "cash." The plaintiff denied the legality of the counterclaim and offered evidence tending to show that the check for $170.00 was given by him to one Familant to pay losses incurred in a poker game. Familant had endorsed the check to the defendant. There was no evidence contradicting the evidence of the plaintiff that the check sought to be used as a counterclaim by the defendant was given for the purpose of paying a gambling loss. Whereupon the judge instructed the jury to answer in the affirmative the issue relating to whether or not the check was a wagering contract. From judgment for plaintiff for the amount of his account and denying recovery on the counterclaim the defendant appealed.
Gaming contracts are covered by C. S., 2142. Such contracts are void and cannot be enforced in a court of justice. Orvis v. Holt, 173 N.C. 231;Bank v. Crafton, 181 N.C. 404.
Under certain circumstances the holder of a check or a note given to pay a gambling debt may recover against the endorser. Bank v. Crafton, supra. This is not such a case as the endorser is not sued.
No error.